### POLLMAN v. JAMES.

FAILURE OF DEFENDANT TO APPEAR.

Where in a bastardy proceeding defendant fails to appear, the court may proceed to trial of the case in his absence, and on verdict and judgment against such defendant the amount of the recognizance forfeited and paid into court, may be applied to on the judgment in the case, under section 5623, Revised Statutes.

ERROR to the Court of Common Pleas of Hamilton County

SMITH, J.

It appears from the record and bill of exceptions, including the amended transcript of the journal entries of the court of common pleas, that the plaintiff in error, in a bastardy proceeding brought against him before Esq. Glass, was ordered on March 1, 1893, to enter into a recognizance in the sum of $500.00, for his appearance before the court of common pleas at the next (April) term to answer to such charge. That he failed to do, and he was committed to the jail of the county. That on the 11th of March he gave such recognizance before one of the judges of that court, and was discharged. At the April term, 1893, the cause was continued by a general order of the continuance of all cases not disposed of, and at the July term by a like order again continued. There is nothing in the record to show that the defendant was or was not present to answer to his recognizance at either of these terms, and it should be proved that he was, otherwise the court might have forfeited the recognizance. The continuance having been entered at the April and July terms, under the provisions of section 5621, Revised Statutes, such continuances operated

as a renewal of the recognizance to remain in full force until final judgment.

At the October term, 1893, the case was duly assigned for trial on October 23, 1893. The defendant did not appear, and his recognizance was forfeited, and the case ordered to be tried by a jury. A trial was had, the judgment entry showing that the parties, by their attorneys, appeared. A trial was had on October 23, and the verdict of the jury was that the defendant was guilty, as charged. On the next day a motion for a new trial was filed by the defendant, which, on November 4, was overruled by the court, and the defendant was adjudged by the court to be the reputed father of the child, and that he stand charged with the maintenance thereof in the sum cof $300.00, and that he pay the costs. And it further appearing to the court that the recognizance of the said defendant had been forfeited, and that the amount of said bond, to wit, the sum of $500.00, is in the hands of the court, it is ordered that the same be applied to the payment of the judgment. To all of which defendant, by his counsel, excepted. A bill of exceptions was then allowed, which contains the statement that neither the defendant or his counsel was present when the bond was forfeited, or when the trial was had, the latter statement being in conflict with the terms of the judgment entry.

But this was deemed to be a matter of no importance, for if the case was continued at the April and July terms, as was done, the recognizance having been regularly forfeited, as was done, the court, under section 5625, had full power and jurisdiction to order the trial of the case, and to render judgment thereon.

It would appear from the judgment of the court, that after the recog-nizance was forfeited, the amount thereof was paid into court. Under section 5623, the court had the right to order that it be applied upon the judgment as was done. The judgment will therefore be affirmed.

*Wm. Disney*, Attorney for Plaintiff in Error.

*Shay, Cogan & Jackson*, Attorneys for Defendant in Error.